UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE JOHNSON,
    Plaintiff,

-vs.-  **DEMAND FOR JURY TRIAL**

LAW OFFICES OF BARBARA NOREEN
TSATUROVA PLLC,
a Michigan professional limited liability company,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Leslie Johnson, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Kentwood, Kent County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Law Office of Barbara Tsaturova PLLC ("Barbara Tsaturova") which is a Delaware company that maintains registered offices in Holland, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Kent County, Michigan.

7. Venue is proper in the Western District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff regarding a medical debt in the amount of approximately $632.00 ("the Debt").

9. In June 2016, Mrs. Johnson's husband ("Mr. Johnson") made a three-way call to Defendant and Credit Plus (a third party representative for Academy Mortgage) to settle **his** medical debt. During this conversation, Defendant was made aware that Credit Plus was on the line and was given permission to speak about **his** alleged debt.

10. Mrs. Johnson was also on the line as the phone was on speaker and all parties were aware that she was on the line.

11. Mr. Johnson settled his debt during this conversation. After his debt was settled, Defendant asked Mr. Johnson if Mrs. Johnson wanted to settle her own personal bebt with it as well.  At no time, had Mrs. Johnson ever given the Defendant permission to speak about her alleged Debt with any third party.

12.  As a direct and proximate cause of the Defendant's violation of the FDCPA, she has suffered embarrassment and humiliation, along with other damages and attorneys' fees.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt. Defendant did this when it communicated to a third party that Mrs. Johnson owed it an alleged Debt.

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
| August 19, 2016 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>TRAVIS SHACKELFORD P68710<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gary@micreditlawyer.com |